IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JOHN ALDRIDGE, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | Civil No. 7:06-CV-093-R |
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| *Defendant.* § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is the Motion to Dismiss filed by the United States (Dkt. No. 7) and Plaintiff John Aldridge's Response (Dkt. No. 10). After a thorough review of all parties' submissions and the applicable law, Defendant's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

On December 20, 2001, Plaintiff, without the aid of a fancy-schmancy lawyer, schlepped his Original Complaint to the Federal Courthouse in Wichita Falls. He alleged medical malpractice on the part of United States Air Force physicians at Sheppards Air Force Base, Wichita Falls, Texas.[1] Among other things, he claimed that the Air Force physicians were nisht gut and violated their standard of care when they failed to properly diagnose a scalp

---

[1] Plaintiff has filed multiple lawsuits against Defendant (four of which, Cause No. 7:05-CV-265, Cause No. 7:05-CV-065, Cause No. 7:04-CV-0098, Cause No. 7:01-CV-0252, and Cause No. 7:04-CV-0001, were consolidated into Cause No. 7:01-CV-0252). In light of this, for convenience this Court will hereinafter refer to the original December 20, 2001 claim, Cause No. 7:01-CV-0252, as "*Aldridge I*."

lesion prior to October 1991.  Plaintiff filed an administrative claim on this issue in 1999, eight years after his claim accrued.  As Plaintiff failed to meet the statute of limitations requirement of the FTCA,[2] this Court dismissed the skin cancer claim in *Aldridge I* on October 31, 2002 due to lack of jurisdiction.

On April 26, 2005, Plaintiff, hokking the same arguments, schlepped another complaint[3] to the Wichita Falls Courthouse, alleging that he had a "hazy memory," and, in fact, he did not call attention to the lesion on or before October 1991, as he had originally claimed.[4]  Instead, he alleges that his FTCA claim accrued in June 2002, when he received medical records during *Aldridge I* discovery revealing a record of the lesion in a September 1968 physical examination.  As a new basis for his present claim, Plaintiff presented an administrative claim to the Department of the Air Force on April 19, 2004.  The Air Force issued an administrative denial to Plaintiff's claim on February 4, 2005.  Defendant filed its Motion to Dismiss on June 27, 2005.  This Court dismissed Plaintiff's claim as barred by res judicata.[5]  The Fifth Circuit upheld this Court's decision.[6]

On June 9, 2006, Plaintiff again hokked the same lawsuit he had earlier filed (Cause No. 7:05-CV-0088) by schlepping a new but identical complaint to the Wichita Falls Courthouse.

---

[2] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues. . . ." 28 U.S.C. § 2401(b).

[3] *Aldridge v. Secretary, United States Department of the Air Force*, Cause No. 7:05-CV-0088.

[4] *Id.* (Dkt. No. 1).

[5] *Id*. (Dkt. No. 10).

[6] *Id.* (Dkt. No. 16).

(Dkt. No. 1).

Plaintiff argues that Defendants committed gross negligence by ignoring the skin/scalp lesion which resulted in his tsuris: unpleasant and debilitating cancer.

## II. ANALYSIS

### A.   Standard for 12(b)(6) Motions

The Court will treat Defendant's motion to dismiss as a Rule 12(b)(6) motion.  Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."[7]  FED. R. CIV. P. 12(b)(6).  Such dismissals are rare, *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986), and should only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitled him to relief." *Conley v. Gibson*, 255 U.S. 41, 45-46 (1957);  *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994) ("[A] claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.").  In other words, a Rule 12(b)6) dismissal is not warranted merely because the court "believes the plaintiff is unlikely to prevail on the merits." *Clark*, 794 F.2d at 970.  "Even if it seems 'almost a certainty. . . that the facts alleged cannot be proved to support the legal claim,' the claim may not be dismissed so long as the complaint states a claim." *Id.*  (quoting *Boudelouche v. Grow*

---

[7] Although this court takes notice of matters which occurred in *Aldridge I*, this does not convert Defendant's Motion to Dismiss into a motion for summary judgment.  *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) ("Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to facts stated in the complaint and the documents either attached to or incorporated in the complaint.  However, courts may also consider matters of which they may take judicial notice."); *see also* FED. R. EVID. 201 (A judicially noticed fact must be one. . . generally known within the territorial jurisdiction of the court. . . .").

*Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir. 1984)).

In considering Defendant's motion, this Court must liberally construe the complaint in favor of the plaintiff, accept all well-pleaded facts as true, and view all facts in the light most favorable to the plaintiff. *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied,* 459 U.S. 1105 (1983). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993).

**B.    Res Judicata**

For a prior judgment to bar an action on the basis of res judicata, or claim preclusion, a four-part test must be satisfied: (1) the parties in both suits must be identical; (2) the prior judgment must have been rendered by a court with proper jurisdiction; (3) there must have been final judgment on the merits; and (4) the same cause of action must be involved in both cases. *See United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994); *Nilsen v. City of Moss Point, Mississippi*, 701 F.2d 556, 559 (5th Cir. 1983) (en banc) (citation omitted); *see also Kilgoar v. Colbert County Board of Education*, 578 F.2d 1033, 1035 (5th Cir. 1978). If these factors are met, *res judicata* prohibits either party from raising claims or defenses in the later action that were or could have been raised in support of or in opposition to te cause of action asserted in the prior action. *See Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (emphasis omitted).

Takeh, all of the factors are clearly met – parties are identical, this Court had proper federal jurisdiction when it made a final determination dismissing the case, and both suits involve the same cause of action. In determining whether two suits involve the same claim, the

Fifth Circuit looks to "whether plaintiff bases the two actions on the same nucleus of operative facts." *Matter of Howe*, 913 F.2d at 1144.  The Court is not calling Aldridge a shnorrer, but Plaintiff makes no new arguments in this cause of action.  (Dkt. No. 10 , p. 2).  The emess, Plaintiff even states in his complaint that he is refiling this action which was originally filed as 7:05-CV-088R and dismissed as barred by res judicata.  (Dkt. No. 1).  The Judge is no schmo, this cause of action has already been decided and it is oysgeshpilt.  Thus, Plaintiff's claim is barred by res judicata yet again.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is hereby **GRANTED**.

    It is so ORDERED.
    ENTERED: December 21, 2006.

                                               _____
                                               JERRY BUCHMEYER,
                                               SENIOR U.S. DISTRICT JUDGE
                                               NORTHERN DISTRICT OF TEXAS